IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD HENAO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | |
| NATIONAL ENTERPRISE SYSTEMS, | ) | |
| INC., an Ohio corporation, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**FILED**
JANUARY 30, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PH  08 C 666

JUDGE CASTILLO
MAGISTRATE JUDGE NOLAN

## COMPLAINT

Plaintiff Edward Henao, by his attorney, Jason G. Shanfield, brings this Complaint to secure redress for the unlawful conduct of defendant National Enterprise Systems, Inc. ("NES"), in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and state law:

### PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff Edward Henao is an individual residing in Streamwood, Illinois.

2.  Plaintiff is a consumer within the meaning of the FDCPA in that the alleged debt at issue is a credit card bill incurred for personal, family, or household purposes, namely for the purchase of a television set.

3.  Defendant NES is an Ohio corporation that maintains a registered agent for purposes of accepting service of process at 208 South LaSalle Street, Chicago, Illinois.

4.  Defendant NES is a debt collector within the meaning of 15 U.S.C. § 1692a(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

5.  This Court has federal question subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the acts and transactions giving rise to this claim occurred, in substantial part, in this district.

## MATTERS COMMON TO ALL CLAIMS

8. On July 27, 2002, Plaintiff purchased a television set and related accessories from a Best Buy store in Schaumburg, Illinois for $3,429.11.

9. Plaintiff obtained a Best Buy brand credit card from Household Bank, NA for the purpose of financing the purchase and charged the total $3,429.11 purchase price to that card.

10. Continuing through August 2006, Plaintiff and his friend made timely payments of more than $5,390.00 toward the Best Buy account. Plaintiff believed that Household Bank was not properly crediting his payments to the account and disputed that he owed anything further on the account to Household Bank. Notwithstanding Plaintiff's dispute, Household Bank charged the account of and sold it to a debt buyer, Sherman Originator, LLC, for pennies on the dollar.

11. On or about January 31, 2007, Sherman Originator, LLC or some affiliated entity placed the Best Buy account with Defendant for collection. Defendant began calling Plaintiff and his girlfriend, Kimberly Wasilewski, almost immediately.

## THE JANUARY 31, 2007 CALLS

12. On or about January 31 2007, Plaintiff's girlfriend, Kimberly Wasilewski received a call on her cellular telephone from an unknown telephone number from a person identifying himself as "Charles Jackson."

13. "Charles Jackson" is a false name used by former NES employee Richard Clark to conceal his true identity while attempting to collect debts for NES.

14. Mr. Clark asked to speak with Plaintiff, in response to which Ms. Wasilewski stated that Plaintiff was unavailable and asked what Mr. Clark's call was regarding.

15. Mr. Clark stated to Ms. Wasilewski that a "case" had been "filed" in his office by Citibank for an allegedly delinquent Best Buy account in the amount of $3,669.70 and demanded that Ms. Wasilewski pay the debt herself by providing her bank account routing code and account number or post-dated checks.

16. Ms. Wasilewski informed Mr. Clark that she refused to pay the alleged debt, to which Mr. Clark responded that Ms. Wasilewski or Plaintiff must pay the account by the end of February 2007 "or else."

17. Mr. Clark then provided NES' toll free telephone number and a "case number" for the "case" "filed" in his office by Citibank against Plaintiff – 5208858-IL.

18. The number 5208858, without the "-IL" suffix, is an internal account number assigned by NES or some other entity to the alleged debt.

19. Providing a "case number," demanding immediate payment, and referring to a "case" "filed" in his office in this manner was calculated to create a false sense of urgency and the false belief in Plaintiff that Mr. Clark was calling from an attorney's office and that civil litigation had been commenced against Plaintiff or Ms. Wasilewski, as well as intrude upon Plaintiff's private affairs and seclusion.

20. Later that day, on or about January 31, 2007, Plaintiff telephoned NES at the telephone number provided to Ms. Wasilewski by Richard Clark and spoke with Richard Clark.

21. Mr. Clark demanded that Plaintiff also make immediate payment on the account, ignoring Plaintiff's dispute that he owed what NES claimed and had paid on the Best Buy account for approximately four years.

22. Richard Clark threatened that if Plaintiff did not pay the Best Buy debt immediately, NES would garnish Plaintiff's wages and ruin his credit.

23. Richard Clark also threatened that the sheriff would come out to Mr. Henao's house to serve him with a warrant or a summons.

24. NES did not provide Plaintiff with the notice required by 15 U.S.C. 1692e(11) in this initial communication.

### THE JANUARY 6, 2007 CALL TO PLAINTIFF'S GIRLFRIEND

25. On February 6, 2007, Ms. Wasilewski received a call on her cellular telephone from an unknown telephone number from a person identifying herself as "Marie Harris."

26. "Marie Harris" is a false name used by former NES employee Kristy Turk to conceal her true identity while attempting to collect debts for NES..

27. Ms. Turk asked to speak with Plaintiff, to which Ms. Wasilewski responded that Plaintiff was not available and asked to take a message.

28. Ms. Turk requested that Plaintiff call (800) 204-1819, ext. 1482 regarding a "personal legal matter."

29. In the context of NES's prior threat to sue or continue a lawsuit against Plaintiff or Ms. Wasilewski, cause the sheriff to serve a summons or warrant on Plaintiff, garnish Plaintiff's wages, and other generalized threats, Turk's reference to a "personal legal matter" involving Plaintiff was intended to create in Mr. Henao the false belief that Turk was calling

4

from an attorney's office and that NES would carry out its threats, as well as intrude upon Plaintiff's private affairs and seclusion.

### THE FEBRUARY 14, 2007 TELEPHONE CALLS

30. On February 14, 2007, Ms. Wasilewski received a call on her cellular telephone from an unknown telephone number from a person identifying himself as "Mike Price."

31. "Mike Price" is a false name used by NES employees Carmine Vincifora or Romando Miller to conceal their true identity while attempting to collect debts for NES.

32. "Mr. Price" disclosed Plaintiff's alleged debt to Ms. Wasilewski and demanded that she pay it herself or Plaintiff would "suffer the consequences" and have "tons of legal problems."

33. "Price" represented to Ms. Wasilewski that "we have to get this sent out of the office if we hear from you or not to get this represented. ..."

34. The representation that "we have to get this sent out of the office if we hear from you or not to get this represented" was intended to create in Plaintiff a false sense of urgency and the false belief that "Price" was calling from an attorney's office and/or that civil litigation had been commenced against Plaintiff or Ms. Wasilewski, as well as intrude upon Plaintiff's private affairs and seclusion.

### THE FEBRUARY 19, 2007 TELEPHONE CALL

35. On February 19, 2007, Ms. Wasilewski received a call on her cellular telephone from an unknown telephone number from a person identifying himself as "Mike King."

36. "Mike King" is a false name used by NES employee Carmine Vincifora to conceal his true identity when attempting to collect debts for NES.

5

37. Vincifora requested that Ms. Wasilewski pay the alleged Best Buy debt, and threatened that if she did not, a "judgment would go out the next morning," Plaintiff's wages would be garnished, and there is nothing Plaintiff would be able to do to stop it.

38. Mr. Vincifora concluded the call by stating "judgment is granted" and "Edward's wages will be garnished."

39. The representations that "a judgment would go out the next morning," that Plaintiff could do nothing to stop NES, and that "judgment is granted" were intended to create in Plaintiff a false sense of urgency and the false belief that "Price" was calling from an attorney's office and/or that civil litigation had been commenced against Plaintiff or Ms. Wasilewski and that a judgment had or would be obtained, as well as intrude upon Plaintiff's private affairs and seclusion.

## NES' PATTERN OF SIMILAR MISCONDUCT WARRANTS SUBSTANTIAL PUNITIVE DAMAGES

40. Henao did not know that all of NES' untoward threats were empty:

    a. No lawsuit or criminal action had been filed against Henao with respect to the Best Buy debt;

    b. NES was not authorized to or capable of filing suit against Plaintiff in Illinois;

    c. No sheriff was ever going to serve Plaintiff with a warrant or summons with respect to the Best Buy debt because NES had not, would not, and could not initiate civil or criminal proceedings against Plaintiff in Illinois, and no such proceedings were then or are now pending;

    d. NES is not and was not a law firm; and

   e.  Neither NES nor any other person was entitled to garnish Mr. Henao's wages with respect to the Best Buy debt because there was no judgment relating to the Best Buy debt and Illinois law does not permit garnishment except where a civil judgment has been obtained, and then only according to the Illinois Code of Civil Procedure.

  41.  NES has and at all relevant times had a pattern of engaging in and training its employees to engage in the deceptive and unfair conduct described herein in order or induce prompt payment of alleged debts by consumers, whether or not they are owed, including but not limited to:

   a.  Communicating with third parties regarding the alleged debts of consumers;

   b.  Referring generally to nonexistent lawsuits, garnishment proceedings, and civil judgments in communications with debtors and third parties;

   c.  Referring to itself as a law firm or intimating that it is a law firm in order to induce terror in alleged debtors and payment of alleged debts;

   d.  Threatening to file or continue nonexistent lawsuits or garnishment proceedings in communications with debtors and third parties;

   e.  Referring to nonexistent criminal proceedings against alleged debtors with respect to alleged debts; and

   f.  Making false entries in collection notes documenting its collection efforts in order to interfere with and impede lawsuits that may be subsequently filed seeking relief for its deceptive and unfair conduct.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

  42.  Plaintiff incorporates paragraphs 1 through 41.

43. Defendant's conduct in, among other things, demanding that Ms. Wasilewski pay Mr. Henao's alleged debt immediately, falsely threatening to sue and representing that a lawsuit had been filed against Mr. Henao, falsely threatening the garnish Mr. Henao's wages if Plaintiff did not pay his alleged debt, creating a false sense of urgency through these threats, overshadowing Plaintiff's rights under 15 U.S.C. 1692g, representing that NES is a law firm, representing or implying that Plaintiff was subject to criminal liability with respect to the alleged debt, and failing to provide the notice required by 15 U.S.C. 1692e(11) in its initial communication with Plaintiff violated 15 U.S.C. §§ 1692c(b), 1692d(5), 1692e(2), e(3), e(4), e(5), e(7), e(10), e(11), and 1692g of the Fair Debt Collection Practice Act.

44. As a direct and proximate result of Defendant's violations, Plaintiff has suffered emotional distress, aggravation, and inconvenience.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff Edward Henao and against Defendant National Enterprise Systems, Inc. for:

    a. Actual damages in an amount to be proven at trial;

    b. Statutory damages under 15 U.S.C. § 1692k.

    c. Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k; and

    d. Such other and further relief as the Court deems appropriate.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

45. Plaintiff incorporates paragraphs 1 through 41.

46. Defendant's conduct in, among other things, demanding that Ms. Wasilewski pay Mr. Henao's alleged debt immediately, falsely threatening to sue and representing that a lawsuit had been filed against Mr. Henao, falsely threatening the garnish Mr. Henao's wages if Plaintiff

did not pay his alleged debt, creating a false sense of urgency through these threats, representing that NES is a law firm, and representing or implying that Plaintiff was subject to criminal liability with respect to the alleged debt constitutes deceptive acts or practices in violation of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS § 505/2, et seq.

47.     Defendant intended that Plaintiff would rely on its deceptive conduct by being induced to pay the alleged debt over which it contacted Plaintiff and is girlfriend.

48.     Defendant's conduct occurred in the course of trade and commerce, namely its attempts to collect and alleged consumer debt.

49.     Defendant's conduct, as stated above, also constitutes unfair conduct in violation of the ICFA in that:

    a.     All of the above described conduct offends the public policy of the United States as stated in the Fair Debt Collection Practices Act, and the public policy of the State of Illinois as stated in the Illinois Collection Agency Act, and the common law against engaging in such conduct;

    b.     Such conduct is immoral, unethical, oppressive, and unscrupulous; and

    c.     Such conduct caused Plaintiff substantial injury and is of the kind of conduct that causes substantial injury to consumers in general.

50.     As a direct and proximate result of Defendant's deceptive and unfair conduct, Plaintiff has suffered emotional distress, aggravation, and inconvenience.

51.     Defendant's conduct toward Plaintiff is part of a pattern and practice of engaging identical or very similar fraudulent, deceptive and unfair collection practices, and was committed willfully and wantonly in direct disregard for Plaintiff's rights, warranting substantial punitive damages.

9

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff Edward Henao and against Defendant National Enterprise Systems, Inc. for:

    a.    Actual damages in an amount to be proven at trial;

    b.    Punitive damages;

    c.    Attorneys' fees, litigation expenses, and costs pursuant to 815 ILCS § 505/10ac; and

    d.    Such other and further relief as the Court deems appropriate.

## COUNT III – ILLINOIS COLLECTION AGENCY ACT

52.    Plaintiff incorporates paragraphs 1 through 41.

53.    Defendant's conduct in, among other things, demanding that Ms. Wasilewski pay Mr. Henao's alleged debt immediately, falsely threatening to sue and representing that a lawsuit had been filed against Mr. Henao, falsely threatening the garnish Mr. Henao's wages if Plaintiff did not pay his alleged debt, creating a false sense of urgency through these threats, representing that NES is a law firm, and representing or implying that Plaintiff was subject to criminal liability with respect to the alleged debt constitutes deceptive acts or practices in violation of the Illinois Collection Agency Act ("ICFA"), 225 ILCS § 425/9.

54,    A private right of action for both compensatory and punitive damages exists for violations of the Illinois Collection Agency Act. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

55.    As a direct and proximate result of Defendant's deceptive and unfair conduct, Plaintiff has suffered emotional distress, aggravation, and inconvenience.

56.    Defendant's conduct toward Plaintiff is part of a pattern and practice of engaging identical or very similar fraudulent, deceptive and unfair collection practices, and was committed

willfully and wantonly in direct disregard for Plaintiff's rights, warranting substantial punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff Edward Henao and against Defendant National Enterprise Systems, Inc. for:

    a.    Actual damages in an amount to be proven at trial;

    b.    Punitive damages;

    c.    Litigation expenses and costs; and

    d.    Such other and further relief as the Court deems appropriate.

## COUNT IV – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

57.    Plaintiff incorporates paragraphs 1 through 41.

58.    Defendant intentionally interfered with Plaintiff's solitude, seclusion, and private affairs by engaging in the highly offensive conduct described above by repeatedly contacting his girlfriend to demand that she pay an alleged debt of Plaintiff she did not owe, making repeatedly threats of filing lawsuits against Plaintiff and garnishing Plaintiff's wages, and referring to itself as a law firm in order to terrorize Plaintiff or his girlfriend into paying the alleged debt.

59.    Plaintiff had a reasonable expectation to be free of Defendant's highly offensive intrusion into his private affairs, solitude, and seclusion.

60.    A reasonable person in Plaintiff's position would find Defendant's aggressive demands for payment, repeated interjection of itself into his private affairs, untoward and false threats, and other conduct as described above, including repeated false threats to garnish Plaintiff's wages and proceed with a non-existent collection lawsuit or criminal proceedings if Plaintiff did not the alleged debt, highly offensive.

61. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered repeated intrusions upon his personal seclusion, as well as emotional distress, aggravation, and inconvenience.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff Edward Henao and against Defendant National Enterprise Systems, Inc. for:

    a. Actual damages in an amount to be proven at trial;

    b. Litigation expenses and costs; and

    c. Such other and further relief as the Court deems appropriate.

                                       EDWARD HENAO

                                       /s/ Jason G. Shanfield
                                       One of his attorneys

Jason G. Shanfield (No. 6275896)
SHANFIELD LAW FIRM, LTD.
833 North Hoyne Avenue
Chicago, Illinois 60622
(312) 638-0819 (tel)
(312) 638-9136 (fax)