**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDWARD HENAO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL ENTERPRISE SYSTEMS, )<br>INC., an Ohio corporation, )<br>)<br>Defendant. ) | No.   08 CV 00666<br>Honorable Ruben Castillo |

## JOINT INITIAL STATUS REPORT

**A.   Nature of the Case**

    **1.   Bases for jurisdiction, and nature of the claims and counterclaims**

Plaintiff and Defendant agree that the Court has federal question subject matter jurisdiction over Plaintiff's claims arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Plaintiff believes the Court has supplemental jurisdiction over his state law claim pursuant to 28 U.S.C. § 1367. Defendant denied in its Answer that the Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff asserts claims under the FDCPA for Defendant's conduct in making numerous misrepresentations and false threats of garnishment, filing or continuing a non-existent lawsuit, and intruding upon his personal affairs, all in connection with its efforts to collect an alleged debt. Defendant has not asserted any counterclaims or affirmative defenses, but has answered the Complaint with denials of all specific factual allegations of wrongdoing and whether it was acting as a debt collector under the FDCPA with respect to plaintiff. Defendant denies it made any false threats of garnishment, misrepresentations or threats.

2. **Relief sought by plaintiff, including computation of claimed damages, if available**

Plaintiff seeks relief under the FDCPA and state law, including maximum statutory damages of $1,000 pursuant to 15 U.S.C. 1692k, actual damages in an amount to be determined by a jury, and attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.  Plaintiff claims damages deriving from emotional distress, frustration, and intrusion upon his personal affairs, that Plaintiff alleges are not readily susceptible of computation, but are in any event greater than $50,000.  Plaintiff also contends he is entitled to punitive damages on his state law claims based on the intentional and repetitive nature of Defendant's conduct.  Defendant denies that plaintiff is entitled to any relief including any emotional distress damages or punitive damages.

3. **Names of any parties that have not been served**

None.

4. **Major legal issues**

Whether plaintiff's allegations if proven establish a violation of the FDCPA, Invasion of Privacy by Intrusion Upon Seclusion, Illinois Consumer Fraud Act and Illinois Collection Agency Act;

Whether Defendant is a "debt collector" within the meaning of 15 U.S.C. 1692a(6);

Whether Defendant engaged in any communications with Plaintiff for the purpose of collecting a debt; and

Whether Plaintiff can establish actual damages.

5. **Major factual issues**

Whether Defendant's collectors made the representations alleged in the Complaint;

The nature and extent of Plaintiff's alleged damages;

The nature and extent of Defendant's alleged pattern and practice of engaging in similar

alleged misconduct; and

Application of factors set forth in 15 U.S.C. §1692k(b)(1).

**6.** **Citations to key authorities which will assist the Court in understanding and ruling on the issues**

15 U.S.C. §§ 1692c(b), 1692d(5), 1692e(2), e(3), e(4), e(5), e(7), e(10), e(11), and 1692g. Plaintiff may rely on the following cases: Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979); Daley v. Datacom Systems, Inc., 146 Ill. 2d 1 (1991). Defendant has not yet determined which legal authorities it will rely on in opposition to plaintiff's claims other than the statutory language of the referenced statutes.

**B.** **Preparation of the Draft Scheduling Order**

**1.** **Meeting:** Pursuant to Fed. R. Civ. P. 26(f), a meeting was held by telephone on March 31, 2008 and was attended by:

Jason G. Shanfield for Plaintiff and Jennifer Weller for Defendant.

**2.** **Pre-trial Schedule:** The Court has not set any dates for the closure of discovery or trial. The parties jointly submit the following fact discovery schedule:

All non-expert discovery to be commenced in time to be completed by July 2, 2008.

The parties do not anticipate the need for an expert discovery schedule, but will notify the Court should their estimation change.

**C.** **Trial Status**

**1.** **Whether or not a jury has been requested**: Plaintiff has demanded trial by jury of all issues so triable.

**2.** **Probable length of trial**: The parties estimate that trial will take approximately 5 days.

**D.** **Consent to Proceed Before a Magistrate Judge**: The parties do not unanimously

consent to proceed before Magistrate Judge Nolan.

E.     **Settlement Status**:

1.     **Whether or not settlement discussions have been held and the status of those discussions, if any**:  The parties have had ongoing settlement discussions.  The parties will participate in a settlement conference before Judge Castillo on April 3, 2008 at 4:45 p.m.

                Respectfully Submitted,

                __/s/_ Jason G. Shanfield_____
                Jason G. Shanfield, Counsel for Plaintiff

                Jason G. Shanfield (No. 6275896)
                SHANFIELD LAW FIRM, LTD.
                833 North Hoyne Ave., No. 3
                Chicago, Illinois 60622
                (312) 638-0819 (tel)
                (312) 638-9136 (fax)

                __/s/_ Jennifer W. Weller_____
                Jennifer W. Weller, Counsel for Defendant

                Jennifer W. Weller
                HINSHAW & CULBERTSON, LLP
                222 North LaSalle Street, Suite 300
                Chicago, Illinois 60601
                (312) 704-3527 (tel)

**CERTIFICATE OF SERVICE**

      I, Jason G. Shanfield, the undersigned attorney, hereby certify that on the 1st day of April, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| David M. Schultz | Boyd W. Gentry |
| Jennifer Weller | SURDYK, DOWD & TURNER CO., LPA |
| HINSHAW & CULBERTSON, LLP | Kettering Tower, Suite 1610 |
| 222 North LaSalle Street, Suite 300 | 40 North Main Street |
| Chicago, Illinois 60601 | Dayton, Ohio 45423 |

                                                /s/ Jason G. Shanfield
                                            SHANFIELD LAW FIRM, LTD.
                                            833 North Hoyne Ave., No. 3
                                            Chicago, Illinois 60622
                                            (312) 638-0819 (tel)
                                            (312) 638-9136 (fax)
                                            jason@shanfieldlawfirm.com